IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABRAHAM SALGADO, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | No. 4:19-cv-03170 |
| EXPRESS ENERGY SERVICES OPERATING, LP, | | |
| *Defendant*. | | |

## UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF JUDGMENT DISMISSING LAWSUIT WITH PREJUDICE

Plaintiff Abraham Salgado ("Plaintiff"), individually and on behalf of all others similarly situated, moves for approval of the Settlement Agreement and Release (the "Agreement") reached between Plaintiff and Defendant Express Energy Services Operating, LP ("Defendant") (Plaintiff and Defendant collectively, the "Parties"). Plaintiff further moves the Court[1] for entry of Judgment dismissing this action in its entirety with prejudice. In furtherance of this motion, the Plaintiff states:

A.  **Procedural Background**

On August 23, 2019, Plaintiff brought this putative collective action alleging Defendant improperly failed to pay him and other non-exempt employees employed at Defendant's El

---

[1] All capitalized and undefined terms in this Unopposed Motion have the definition or meaning as set forth in the Agreement.

1

Campo, Texas location for all of their overtime and drive/travel hours in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, as amended. Defendant denies, and continues to deny, Plaintiff's claims and asserts that Plaintiff is not owed additional pay.

On January 30, 2020, the Plaintiff filed his Motion for Conditional Class Certification (Dkt. 27) and Defendant ultimately stipulated to conditional certification on August 17, 2020 (Dkt. 37).

To avoid further litigation costs, the Parties have agreed to settle the claims in this lawsuit. The Parties have entered into the Agreement, which has been signed by Plaintiff and Defendant. See Ex. A, a copy of the Agreement. The Agreement will take effect following the Court's approval and dismissal of the case with prejudice. Following the Court's approval of the Agreement, Class Counsel will disseminate the agreed Consent, attached as Ex. B, and the Notice to the Potential Class Members, attached as Ex. C. All Parties are represented by counsel and the Parties engaged in arm's-length negotiations following the exchange of key facts regarding Plaintiff's claims and Defendant's defenses.

B.     Request for the Court's Approval of the Agreement

Plaintiff requests and the Defendant does not oppose that the Court enter an order approving their Agreement.[2] The Fifth Circuit has recognized the res judicata effect of a court-approved settlement of FLSA claims, where "a bona fide dispute of both law and fact was

---

[2] The Fifth Circuit has held that a private agreement to compromise and settle FLSA claims is enforceable, where there is a bona fide dispute over the number of hours worked or the amount of unpaid overtime due. *See Martin v. Spring Break '83 Prods. L.L.C.*, 668 F.3d 247, 255 (5th. Cir. 2012) (enforcing a private settlement agreement that constituted a compromise over FLSA claims because the settlement resolved a bona fide dispute about the number of hours worked). This case presents a bona fide dispute. While Court approval is therefore not required for the Agreement to be enforceable, the Parties nonetheless request approval for the avoidance of any doubt.

involved in the litigation, and proposed settlement agreed upon was fair and equitable to all parties concerned." *Jarred v. Southeastern Shipbuilding Corp.*, 163 F. 2d 960, 961 (5th Cir. 1974).

1. **A Bona Fide Dispute Exists Between the Parties**

A bona fide dispute exists between the Parties. Specifically, the Parties dispute whether such drive/travel time was compensable and therefore whether Plaintiff was entitled to additional overtime pay. These issues have been the subject of discovery and factual development, as well as settlement negotiations. Additionally, the Parties dispute whether Defendant acted in good faith in not paying for drive/travel time, which would eliminate Plaintiff's potential recovery of liquidated damages.

2. **To Avoid the Risks and Expense Associated with Continued Proceedings, The Parties Have Reached a Fair and Equitable Resolution**

The Parties agree that the terms of the Agreement are fair and equitable and were negotiated by the Parties being fairly and fully represented by counsel of their choosing. The Agreement takes into account the number of unpaid overtime hours the Current Opt-Ins and each Potential Class Member allegedly worked and the amount of unpaid overtime to which the Current Opt-Ins and Potential Class Members allege they are entitled. The Agreement, which allocates individual amounts to the Current Opt-Ins and Potential Class Members based on similar facts with respect to their hours and rate, also allocates an amount to Class Counsel for the Cost and Fee Award. Plaintiff and Class Counsel, separately and without input from Defendant, determined the individual amount allocated to each Current Opt-In and Potential Class Member, a Service Award designated for the Current Opt-Ins, and a percentage of the

Maximum Settlement Amount for the Cost and Fee Award; and they represent that the allocations are fair and equitable. Defendant has agreed not to contest the Cost and Fee Award and Service Awards.

In agreeing to the Agreement, the Parties recognize and acknowledge the risk, expense, and length of the continued proceedings necessary to prosecute the case through trial and appeals. Plaintiff has taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and inherent problems of proof in establishing, and Defendant's defenses to, the asserted claims and damages, which would require the resolution of disputed facts. Defendant similarly concludes that further litigation would be time-consuming and expensive and has taken into account the uncertainty and risks inherent in this and any litigation. Plaintiff and Defendant have determined that it is desirable and beneficial that all Plaintiff's claims be fully and finally settled in the manner and upon the terms and conditions set forth in the Agreement.

3. Because the proposed Agreement agreed to by the Parties is a fair and equitable compromise of a bona fide dispute, Plaintiff requests that the Court approve the Agreement and enter a Judgment dismissing with prejudice the case, including all claims, with each side to bear his or its own costs, fees and expenses. A proposed order for Judgment, approved by the Parties, is submitted with this Motion.

Respectfully submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Melissa Moore
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

    I certify that I have conferred or made a reasonable attempt to confer with all other parties or their attorney(s) of record, who are listed below, about the merits of this motion with the following results:

    Stefanie R. Moll
    Ian A. Wright
    T. Cullen Wallace
    MORGAN, LEWIS & BOCKIUS LLP
    1000 Louisiana Street, Suite 4000
    Houston, Texas 77002
    Attorney(s) for Defendant

☐ opposes the motion
☒ does not oppose the motion
☐ agrees with the motion
☐ would not say whether the motion is opposed
☐ did not return my messages regarding the motion

_____
Melissa Moore

## CERTIFICATE OF SERVICE

As required by FED. R. CIV. P. 5(a)(1), I certify that I served this document on all parties or their attorney(s) of record—which are listed below—on November 3, 2020, in accordance with FED. R. CIV. P. 5(b) as follows:

Stefanie R. Moll
Ian A. Wright
T. Cullen Wallace
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Attorney(s) for Defendant

☐ mail
☐ personal delivery
☐ leaving it at ☐ office ☐ dwelling
☐ leaving it with court clerk
☐ electronic means
☐ other means
☒ CM/ECF system

_____
Melissa Moore